## In re BABBITT'S ESTATE.

(Surrogate's Court, New York County.  July 3, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 110*)—REAL PROPERTY—RECEIPT OF RENTS—PAYMENT OF TAXES.

Where an executrix held only a discretionary power of sale over certain real property of her testator, the title being in the children of another, the executrix had no right to the rents, and the surrogate has no power to approve items in the account of the executrix for payment of taxes and other charges on the property out of the rents, and this though the persons entitled to the land expressly authorized the executrix to do so.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 439;  Dec. Dig. § 110.*]

2. DESCENT AND DISTRIBUTION (§ 52*)—REAL PROPERTY—RIGHTS OF HUSBAND.

Testator bequeathed his residuary estate, real and personal, to his wife for life, remainder to his two daughters.  Testator died in 1889, and the widow in 1894.  One of the daughters married, and died intestate in 1890, during the life tenancy of her mother, leaving five children and her husband surviving.  ·Held, that the husband took no interest in the real property descending under the will to which his wife was entitled, which descended to their children;  the husband's interest being limited to one-third of the personalty left by his wife, which was distributable to her administrator.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 83, 135–140, 144, 147–149, 151–158, 161–167, 169–171, 296–308;  Dec. Dig. § 52.*]

3. EXECUTORS AND ADMINISTRATORS (§ 111*)—EXPENSES—ATTORNEY'S FEES.

Where an executrix employed counsel eminent in their profession, and they rendered her a bill of $3,000 for services, which she paid, she was entitled to have such sum allowed in her account;  and the referee's decision cutting the amount to $2,000 and surcharging her with the difference was improper.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 448–462;  Dec. Dig. § 111.*]

Judicial settlement of the estate of Benjamin T. Babbitt.  On exceptions to the report of a referee on an accounting of the executrix. Report modified and confirmed.

Butler, Brown, Wyckoff & Campbell, of New York City (Frederick B. Campbell, J. Edwards Wyckoff, and Paul C. Whipp, all of New York City, of counsel), for executrix.

Francis Sims McGrath, of New York City, for contestant Frederick E. Hyde.

Richmond Lenox Brown, of New York City, for contestants Elizabeth A. Hyde and others.

FOWLER, S.  This is a motion for reargument of my decision on objections and exceptions taken to the report and finding of the referee on the accounting.  Although the motion for reargument does not comply strictly with rule 23 of this court, and I can hardly justify myself in granting it, the insistence of counsel alone has induced me to travel again over the report and findings of the referee with even

more care than before, and I must say I see little reason to modify my prior conclusion.

The eighteenth and nineteenth conclusions of law, based on findings of fact 39 to 46, both inclusive, seem to me to be substantially correct. They relate to the commissions of real estate brokers and the services of attorneys in connection with the sale of certain Long Island real property, which sale, owing to some objection to title, was never effected. It seems to me that the referee's findings and conclusion were right. The purchase price fixed by the contract of sale was very inadequate, and this resulted from the lack of a sufficient effort to ascertain the real value of the property. While the executrix may have acted in entire good faith and in accordance with the information she had obtained, after some, but not, it seems to me, sufficiently diligent, effort, I cannot overrule the referee's conclusion of law.

[1] Next, as to the allowance to the executrix for payments of taxes and other charges on the real estate, over which the executrix concededly held only a discretionary power of sale, the legal title or ownership being in the children of Dr. Hyde, there is no doubt that an executor, as such, has no right to receive rents or to pay out of them taxes and other charges on the real property, and the Surrogate's Court has no jurisdiction to entertain an accounting respecting same. The fact that the persons entitled to the property expressly authorized the executrix to do so makes no difference. If the taxes or liens were on the land when the discretionary power of sale of such land was executed, and the charges were paid out of the proceeds of sale, because necessary to pass a clear title and effectuate the sale, the payment would no doubt be regarded as an incident in the exercise of the power of sale and be allowed by the surrogate; but I do not understand that such is the situation here.

If, again, the payments made on account of the realty out of personalty were made by request or by consent, or even with the acquiescence, of the parties interested in both, a different question from one where the payments are made out of the rents of realty would be presented, and in such a case the surrogate would have the power to allow the payments as payments on account of the shares or interests of the parties in the personal estate. But it does not appear that there was any such request or consent, or anything done by the interested parties which amounts to an acquiescence on their part that the executrix should use the personalty to pay the charges on the realty. Certainly there is nothing apparent from which it could be concluded that Dr. Hyde, who was entitled to one-third of the personalty and had no interest whatever in the realty, had acquiesced in the case of his property to pay such charges, unless it be the fact that the property belonged to his children, a circumstance hardly justifying such a conclusion. It seems to me the referee did not err in regard to this subject.

[2] Testator gave by the seventh clause of his will his residuary estate, real and personal, to his wife for life, remainder to her two daughters, Lillia E., the accounting executrix, and Ida J., each taking a vested indefeasible remainder. Testator's wife, Rebecca, died De-

cember 19, 1894. Testator died October 20, 1889. Ida married Dr. F. E. Hyde and died intestate January 22, 1890, during the life tenancy of her mother, Rebecca, leaving her surviving five children and her husband, Dr. Hyde. Ida having died during the life tenancy of her mother, Dr. Hyde took no interest in the realty to which his wife was entitled. The children took all. His interest is only in one-third of the personalty left by his wife. It does not appear, in so far as I can see, that the administrator of Ida's estate is before the court in this proceeding, or whether there is any such administrator. Distribution of personal estate has been made to Dr. Hyde and his children, and if there are no creditors of his deceased wife the validity of the payments cannot be questioned; but no distribution by the court of the remaining personalty to which Ida was entitled can be made except to her administrator. I can see no error on this head committed by the referee.

[3] The twenty-seventh conclusion of law, based on the fifty-second finding of fact, is perhaps open to some rediscussion. This conclusion relates to the services of the attorneys for the executrix mentioned in voucher 177. The referee allows accountant $2,000, instead of $3,000 claimed by her, thus surcharging her with $1,000. As the counsel rendering the bill were eminent in their profession, and the executrix by the custom was perhaps, justified in paying the bill rendered to her by lawyers of such standing, I am inclined to think that the referee might have allowed the executrix the $3,000 actually paid by her to the lawyers in question.

With this exception, the referee's report will stand confirmed. Settle decree accordingly.